# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSH METOYER, Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No.: ) ) |
| v. | ) ) |
| AMERICOLD LOGISTICS, LLC | ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant Americold Logistics, LLC, by its attorneys Jody Kahn Mason, Jason A. Selvey and Julia S. Wolf of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendant states as follows:

### Procedural History and Plaintiff's Allegations

1. On March 17, 2020, Plaintiff Josh Metoyer ("Metoyer" or "Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendant Americold Logistics, LLC ("Americold" or "Defendant") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. The lawsuit is captioned *Josh Metoyer, Individually and On Behalf of All Others Similarly Situated, v. Americold Logistics, LLC*, and numbered 2020 CH 3243 (the "State Court Action"). A copy of Plaintiff's Complaint ("Compl.") is attached hereto as **Exhibit A**.

2. The Complaint alleges that Americold used a timekeeping system that collected, used, stored and disseminated Plaintiff's and the putative Class's biometric identifiers and/or

biometric information without following the requirements of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Specifically, Plaintiff alleges that Americold violated Sections 15(a) and (b) of the BIPA by: (i) failing to make publicly available a written policy establishing a retention schedule and guidelines for the permanent deletion of biometric data; (ii) failing to inform Plaintiff and the Class "in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated"; (iii) failing to inform Plaintiff and the Class "in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated"; and (iv) failing to obtain Plaintiff's and the Class's written consent prior to collecting, using, storing and disseminating their biometric identifiers and biometric information. (Ex. A, Compl., ¶¶ 54, 58-6, 79, 87-89).

3. For himself and each member of the putative class, Plaintiff seeks: (1) declaratory relief; (2) injunctive relief; (3) statutory damages of $5,000 for each intentional or reckless violation of the BIPA or, alternatively, $1,000 for each negligent violation of the BIPA; and (4) reasonable attorney's fees and costs. (Ex. A, Compl., ¶¶ 80, 90).

4. Plaintiff proposes certification of the following class: "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." (Ex. A, Compl., ¶ 67).

5. Plaintiff served Americold with the Complaint on March 20, 2020. Americold has not filed an answer or any other pleading responsive to the Complaint, nor has it appeared or made any arguments before the State Court.

**Timeliness of Removal**

6. Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

7. Here, for the reasons explained below, the grounds for removal are apparent on the face of the Complaint.

8. Defendant files this Notice of Removal on April 17, 2020, 28 days after Plaintiff served the Complaint on Defendant on March 20, 2020. As such, this Notice of Removal is timely.

**Basis for Removal**

9. Removal is proper under the 28 U.S.C. §1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Here, and as further described below, the resolution of Plaintiff's BIPA claims would necessarily require interpretation of a collective bargaining agreement and, thus, Plaintiff's BIPA claims are subject to federal preemption pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

11. Section 301 of the LMRA grants federal district courts exclusive jurisdiction over disputes involving the interpretation of collective bargaining agreements. *Allis-Chalmers Corp. v. Lueck,* 417 U.S. 202, 210-11 (1985). "[C]laims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective

3

bargaining agreement'" are subject to federal jurisdiction. *See Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 U.S. Dist. LEXIS 32577, at *5 (N.D. Ill. Feb. 26, 2020), *citing Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987). "If the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *See Peatry,* 2020 U.S. Dist. LEXIS 32577, at *6, *citing Atchley v. Heritage Cable Vision Assocs.,* 101 F.3d 495, 499 (7th Cir. 2013).

12. Here, Plaintiff worked for Americold from December 11, 2017 through December 26, 2018 and was a member of the with Retail, Wholesale and Department Store Union, UFCW, ADL-CIO, Local 578 (the "Union"). (**Exhibit B**, Declaration of Robert Hutchison, ¶¶ 4-5).

13. In the five years preceding the filing of Plaintiff's Complaint, Americold was a party to a collective bargaining agreement ("CBA") with the Union.[1] (Ex. B, ¶ 6). As a result, the terms and conditions of Plaintiff's employment were dictated by the CBA and any disputes involving the interpretation and application of the agreement were to be resolved according to the CBA's grievance and arbitration procedures. (*Id*., ¶¶ 7, 8).

14. Because Plaintiff's claims require an analysis and interpretation of the CBA they are subject to federal preemption. *See Fernandez v. Kerry, Inc.,* Case No. 17-cv-8971, 2020 U.S. Dist. LEXIS 64070, at *16-17 (N.D. Ill. Apr. 10, 2020) (holding that because plaintiffs' BIPA claims necessarily required interpretation of the collective bargaining agreement, they are preempted under the LMRA and therefore removable).

---

[1] The longest potential statutory period under the BIPA is five years. Americold does not concede that a five-year statute of limitations applies to Plaintiff's claims under the BIPA nor does it waive any right to challenge the applicable statute of limitations in this matter.

15. Indeed, the Seventh Circuit Court of Appeals "concluded that it is not possible to resolve a BIPA dispute over fingerprint time clocks without reference to the collective bargaining agreement." *Kerry*, 2020 U.S. Dist. LEXIS 64070, at *16, referencing *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903 (7th Cir. 2019). In *Miller*, the Seventh Circuit considered BIPA claims brought against an employer whose union contracts were subject to the Railway Labor Act, 45 U.S.C. §§ 151-188,[2] and found that the claims required an interpretation of the relevant collective bargaining agreement and were thus preempted by federal law, even where the biometric timekeeping systems were not expressly referenced in the agreement. 926 F.3d at 904-06 ("It is not possible even in principle to litigate disputes about . . . [the use of] fingerprint information . . . without asking whether the union has consented on the employees' collective behalf.").

16. Here, the adjudication of Plaintiff's BIPA claims will similarly require an analysis and interpretation of the relevant provisions of the CBA. As such, federal preemption under Section 301 of the LMRA applies and removal to the federal district court is appropriate.

## **Venue and Procedural Steps**

17. The United States District Court for the Northern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. §1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction is to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, which is located in this judicial district and division.

---

[2] The preemption standards under the Railway Labor Act and the LMRA are functionally the same. *See Kerry*, 2020 U.S. Dist. LEXIS 64070, at *16; *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994).

5

18. As required by 28 U.S.C. §1446(a), the Complaint, Summons and all other "process, pleadings, and orders" served to date on Defendant are attached hereto as **Exhibit A**.

19. As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Cook County, Illinois.

20. By filing this Notice of Removal, Defendant does not waive any defenses to the claims Plaintiff asserts on behalf of himself and the putative class, including that Plaintiff has not pleaded a claim upon which relief can be granted and that class certification is inappropriate.

**WHEREFORE**, Defendant Americold Logistics, LLC hereby removes case number 2020 CH 03243 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: April 17, 2020     Respectfully submitted,

**AMERICOLD LOGISTICS, LLC**

By:  /s/ Jody Kahn Mason
      One of Its Attorneys

Jody Kahn Mason
Jason A. Selvey
Julia S. Wolf
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, Illlinois  60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Julia.Wolf@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Jody Kahn Mason, an attorney, certify that on April 17, 2020, I caused a true and correct copy of the attached *Notice of Removal* to be served via email and U.S. mail on the following counsel of record at the addresses listed:

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
bwise@pwcklegal.com
plesko@pwcklegal.com

*s/ Jody Kahn Mason*